# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-20069

M. FRANK RUSSELL; RENE W. VAN ZANTEN,

Plaintiffs-Appellants,

versus

SANCHEZ-O'BRIEN OIL AND GAS CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-3340)

November 2, 1999

Before REAVLEY, POLITZ, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:[*]

Rene W. van Zanten and M. Frank Russell alleged that their former employer, Sanchez-O'Brien Oil and Gas Corporation, violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against them on the bases of their race and national origin. The district court dismissed their action for lack of jurisdiction, and van Zanten and Russell timely appealed. For the reasons assigned, we affirm the judgment of dismissal, but we do so upon non-jurisdictional grounds.

## BACKGROUND

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In late 1970s and early 1980s, van Zanten and Russell served in executive positions for Sanchez-O'Brien Oil and Gas Corporation. Van Zanten, general counsel, eventually rose to the position of president. Russell served as vice-president and general counsel. Effective January 1, 1980, Sanchez-O'Brien entered into agreements with appellants, conveying to them "overriding royalty interests."[1] Under their respective agreements, each appellant was to receive royalties provided that he was an employee of Sanchez-O'Brien at the time the first well – drilled subsequent to Sanchez-O'Brien's acquisition of the property – was spudded on the property.

Appellants resigned from Sanchez-O'Brien in September 1981. Approximately thirteen years later, in the fall of 1994, they began to suspect that Sanchez-O'Brien was failing to make royalty payments related to the Southwest Escobas Prospect in Zapata County, Texas. Van Zanten became suspicious while reviewing documents on behalf of Concord Oil Company, which, at the time, was engaged in a lawsuit against Sanchez-O'Brien. Van Zanten's discovery led to numerous conversations with Sanchez-O'Brien's current and former employees regarding whether appellants were entitled to assignments and royalties arising from the Zapata County property. In particular, van Zanten spoke and corresponded with Armando Medina, a former employee of Sanchez-O'Brien, and learned that he had received royalty payments under his royalty agreement.

Initially appellants proceeded in state court under a contract theory because,

---

[1] An "overriding royalty interest" is the right to receive part of the income proceeds generated from the production of oil and gas.

they opine, they lacked reason to suspect that discriminatory animus motivated Sanchez-O'Brien's decision to withhold royalty interests to which they were entitled. Appellants maintain that during discovery in the state court case they uncovered information reflecting that Sanchez-O'Brien discriminated against them by paying royalties to Medina under an agreement identical to theirs. According to appellants' complaint, filed with the EEOC and the Texas Commission on Human Rights in September 1996, Sanchez-O'Brien discriminated against them on the bases of their race and their national origin, using royalties that should have been distributed to them to establish a benefit pool for Hispanic employees.

Before the district court, Sanchez-O'Brien contended that appellants failed to file their charge of discrimination within 300 days after they discovered that Medina had been paid the royalty interest. The district court conducted an evidentiary hearing and determined that paying overriding royalty interests to Medina triggered a cause of action that plaintiffs knew or should have known of no later than September 1994. According to the district court, plaintiffs were required to file a charge with the EEOC on or before August 31, 1995. As they failed to do so, the district court dismissed the case for lack of jurisdiction, and denied plaintiffs' subsequent motion for alteration of judgment. This appeal followed.

## ANALYSIS

We review *de novo* dismissals for lack of jurisdiction.[2] Here, the district

---

[2] **Calhoun County v. United States**, 132 F.3d 1100, 1103 (5th Cir. 1998) ("This Court reviews a district court's . . . dismiss[al] for lack of jurisdiction under a de novo standard of review.").

court dismissed appellants' action for lack of jurisdiction because appellants filed their complaint with the EEOC outside of the statutory time limit.[3] In **Zipes v. Trans World Airlines, Inc.**, however, the Supreme Court held that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to bringing a Title VII action but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.[4] We perforce must conclude that the district court erred in dismissing the suit for lack of jurisdiction.

In most instances, an improper jurisdictional dismissal necessitates reversal and remand to allow the district court to consider the merits.[5] Where the district court has considered the merits of an aspect of the action that provides a basis by which we can affirm, reversal is inappropriate; instead, precedent directs us to affirm on alternative grounds.[6] We therefore consider the merits of appellants' claim to determine whether the case warrants remand or whether alternative grounds allow us to affirm.

---

[3] 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . ., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . .").

[4] **Zipes v. Trans World Airlines, Inc.**, 455 U.S. 385 (1982).

[5] **Brennan v. Stewart**, 834 F.2d 1248, 1255 (5th Cir. 1988).

[6] **Id.**; *see also* **Foreman v Babcock & Wilcox Co.**, 117 F.3d 800, 804 (5th Cir. 1997) ("We must affirm a judgment of the district court if the result is correct, even if our affirmance is upon grounds not relied upon by the district court."), *cert. denied*, 118 S. Ct. 1050 (1998); **Williams v. AgriBank, FCB**, 972 F.2d 962, 965 (8th Cir. 1992) (holding that a judgment can be affirmed on grounds fairly supported by the record).

A dismissal for failure to meet the timeliness requirements of Title VII is a dismissal on the merits.[7] In dismissing the suit for "lack of jurisdiction," the district court determined that appellants failed to meet the timeliness requirements of Title VII. We conclude that the district court's stated rationale – a "merits" rationale – withstands our scrutiny and provides alternative grounds for affirmance.[8]

It may not have been until July 1996 that appellants learned that Sanchez-O'Brien allegedly was using royalties to which they were entitled to establish a benefit pool for Hispanic employees. The limitations period, however, does not commence when a plaintiff first perceives what motive caused the discriminatory act about which the plaintiff complains.[9] The appropriate focus is not upon motive but, rather, upon the date of the discriminatory act[10] and upon the date that the

---

[7] **Nilsen v. City of Moss Point**, 701 F.2d 556, 562 (5th Cir. 1983) (en banc).

[8] Pending before the district court at the time that it dismissed the suit for lack of jurisdiction was Sanchez-O'Brien's motion for summary judgment; also on file were appellants' response and Sanchez-O'Brien's reply. This court normally does not address matters that have not been addressed by the district court, **International Union of Operating Engineers v. Sullivan Transfer, Inc.**, 650 F.2d 669, 680 (5th Cir. Unit A 1981) ("since the district court did not reach the issue, we reserve judgment"), but in moving for summary judgment, Sanchez-O'Brien raised the issue whether appellants timely filed their complaint with the EEOC. We adhere to precedent by seeking alternative grounds for affirming the district court. In so doing, we interpret the rationale for the district court's jurisdictional dismissal as a rationale supporting a grant of summary judgment for Sanchez-O'Brien.

[9] **Merrill v. Southern Methodist Univ.**, 806 F.2d 600, 605 (5th Cir. 1986).

[10] 42 U.S.C. § 2000e-5(e)(1) ("within three hundred days after the alleged unlawful employment practice").

plaintiff learned of, or reasonably should have learned of, the discriminatory act.[11]

Appellants concede that they did not file within 300 days of the discriminatory act. They contend, however, that their filing was timely due to the discovery rule; they contend that they did not know – and in the exercise of reasonable diligence, could not have known – of the discriminatory nature of the act until July 1996. By late 1994, however, appellants possessed sufficient knowledge to make out a prima facie case of discrimination. To establish a prima facie case of discrimination with respect to compensation,[12] a plaintiff must show that he was paid less than a similarly situated individual not in his protected class.[13] Appellants – both attorneys – were aware of, or should have been aware of, the facts necessary to support a prima facie case of racial/national origin discrimination by late 1994.

Appellants concede that they learned, by late 1994, that they had not received overriding royalty interests to which they thought that they were entitled. Further, by that time appellants knew or should have known that Medina was similarly situated to them in that he had a similar agreement for overriding royalty interests,

---

[11] **Delaware State College v. Ricks**, 449 U.S. 250, 259 (1980) (concluding that the limitations period commenced when plaintiff was notified that he had been denied tenure); **Merrill**, 806 F.2d at 605.

[12] Appellants contend that their overriding royalty interests were a form of compensation. Each of appellants' agreements provided that the royalties were "not a gift," and that Sanchez-O'Brien made no representations that the royalties conveyed would not be taxable as income.

[13] **Pittman v. Hattiesburg Mun. Separate Sch. Dist.**, 644 F.2d 1071, 1074 (5th Cir. Unit A 1981).

and that the requisites of these agreements had been met. Further, by late 1994, appellants knew that Sanchez-O'Brien had paid Medina royalties to which they apparently were entitled but were not paid. Appellants had known all along the races and national origins of the relevant parties.

The showing required of a filing with the EEOC is even more lenient than the minimal showing necessary to establish a prima facie case of discrimination, because the charge serves only to initiate the EEOC investigation.[14] Because appellants knew or should have known facts sufficient to make out a prima facie case in late 1994, their knowledge of the facts was sufficient to commence the limitations period for the filing of a complaint with the EEOC.[15] As appellants did not file with the EEOC until almost two years after the limitations period commenced, their filing was untimely.

The discovery rule does not benefit appellants. Nor does equitable tolling cure the untimeliness of appellants' EEOC filing because appellants were aware of sufficient facts to commence the limitations period by late 1994, regardless of appellants' contention that Sanchez-O'Brien concealed other facts pertinent to their claim.[16] The contention that appellants suffered a continuing violation also lacks

---

[14] **EEOC v. Shell Oil Co.**, 466 U.S. 54, 68 (1984); **Pruet Prod. Co. v. Ayles**, 784 F.2d 1275, 1279 (5th Cir. 1986) (ADEA).

[15] *Cf.* **Pruet Prod. Co.**, 784 F.2d at 1279 (determining that plaintiff's knowledge was sufficient to commence limitations period when plaintiff knew facts that would establish a prima facie case for an ADEA claim).

[16] **Pruet Prod. Co.**, 784 F.2d at 1280 (ADEA); **Christopher v. Mobil Oil Corp.**, 950 F.2d 1209, 1217 (5th Cir. 1992) (ADEA).

merit. First, the continuing violations doctrine is not applicable. Unlike, for example, certain claims of hostile work environment, the payment of these royalty interests is not the type of claim where the discriminatory effects would not be manifest except in cumulation over a period of time.[17] Further, the payment of royalty interests is not payment for work presently performed and completed by the employee.[18] Even if the doctrine were applicable, appellants have not directed this court to evidence that payments of the overriding royalty interests continued to a time within 300 days of their filing with the EEOC. As there is no genuine issue of material fact related to the untimely filing, Sanchez-O'Brien is entitled to summary judgment.

Appellants contend that summary judgment for Sanchez-O'Brien is precluded by the fact that the district court conducted an evidentiary hearing on the timeliness of their charges. Appellants similarly contend that the seventh amendment, the Civil Rights Act of 1991, and Rule 38 of the Federal Rules of Civil Procedure entitle them to proceed to a jury on the limitations issue which presents questions of fact. The record before this court makes plain that appellants have conceded facts that lead inescapably to the conclusion that the limitations period had run prior to the time of their filing with the EEOC. Appellants present no genuine issues of material fact regarding the timeliness of the EEOC filing. This court need not rely on any findings of fact that may have been made by the district

---

[17] **Huckabay v. Moore**, 142 F.3d 233, 238-39 (5th Cir. 1998).

[18] **Florida v. Long**, 487 U.S. 223, 239 (1988).

8

court as a result of the evidentiary hearing.  Further, the seventh amendment, the Civil Rights Act of 1991, and Rule 38 do not require a jury trial when there are no genuine issues of material fact regarding a dispositive matter that entitles a defendant to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of dismissal in favor of Sanchez-O'Brien.